UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

            Plaintiff,

    -against-

VILLAGE OF DOBBS FERRY, New York,

            Defendants.

------------------------------------------------------------x



**ORIGINAL**

**07 CIV. 3809**

07 Civ. (   )

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant VILLAGE OF DOBBS FERRY, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Village adopted as part of its Village Code the following provisions:

> "**§264.2 Encumbrances; poles and wires; repair of vehicles**
>
> A. No person, firm or corporation shall place or cause to be placed any obstruction or encumbrance of any kind upon any public street, sidewalk or area in the Village.
>
> \*         \*         \*
>
> **§264-4 Sidewalk maintenance and repair...**
>
> A. Every owner of vacant property and every owner, occupant or leaseholder of occupied property is hereby required to keep the sidewalk area, whether paved or unpaved, adjoining said property free of all...obstructions...".

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Section 264-2 completely bans the placement of newsracks on public property within the Village, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Since Section 264-4 completely bans the placement of newsracks on public property within the Village, that code provision violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Section 264-2 on its face constitutes an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

14. Section 264-4 on its face constitutes an impermissible prior restraint (without benefit of any time, place and/or manner limitations, on Plaintiff's exercise of its rights as so guaranteed.

## AS AND FOR A FIFTH CLAIM

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

16. Under the premises Plaintiff's exercise of its rights as so guaranteed have been chilled by reason of Section 264-2 and/or Section 264-4, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Declaring Section 264-2 of the Village Code violative of Plaintiff's First Amendment rights,

    b. Declaring Section 264-4 of the Code to be violative of Plaintiff's First Amendment rights,

    c. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

    d. Permanently enjoining Defendant from enforcing as against Plaintiff Section 264-2 and/or 264-4 of its code,

    e. Awarding such compensatory damages as the jury may determine,

    f. Awarding reasonable attorney's fees and costs, and,

    g. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 7, 2007

LOVETT & GOULD, LLP
By: _____
   Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

5